# EXHIBIT A

Pressler and Pressler, LLP
7 Entin Rd.
Parsippany, NJ 07054-5020
1-973-753-5100
Attorney for Plaintiff
File # J93075
MIDLAND FUNDING LLC
                    Plaintiff

vs.

PAULA JENSEN
                Defendant(s)

SUPERIOR COURT OF NEW JERSEY
 Law Division
WARREN   Special Civil Part
Docket #  DC-003230-11

Civil Action
  COMPLAINT
  (Contract)

Plaintiff having a principal place of business at: 8875 AERO DRIVE SUITE 200
SAN DIEGO, CA 92123 says:

1. It is now the owner of the defendant(s) BANK OF AMERICA  account  number
5490354721038864 which is now in default. There is due the  plaintiff  from
the defendant(s) PAULA JENSEN the  sum  of  $5,200.90  plus  interest  from
01/30/2008 to 12/08/2011 in the amount of $574.08 for a total of $5,774.98.

WHEREFORE, plaintiff demands judgment for the sum of $5,774.98 plus accruing
interest to the date of judgment plus costs.

I certify that the matter in controversy is not the subject  of  any  other
court action or arbitration proceeding, now pending  or  contemplated,  and
that no other parties should be joined in this action.

I certify that confidential personal identifiers have  been  redacted  from
documents now submitted to  the  court,  and  will  be  redacted  from  all
documents submitted in the future in accordance with Rule 1:38-7(b).

                            PRESSLER and PRESSLER, LLP
                            Attorneys for Plaintiff(s)
                            By: S/Ralph Gulko
                            _____
                              Ralph Gulko

# EXHIBIT B

```
WARREN SPECIAL CIVIL PART
CIVIL DIVISION                  :
P O BOX 900                     :
BELVIDERE NJ 07823-1500         :
(908) 475-6140                  :
                      CV0285  : FEBRUARY 27, 2012
CASE NUMBER:                    :
  WRN DC-003230-11              :
CREDITOR(S): MIDLAND FUNDING L :
DEBTORS(S):  JENSEN P          : RALPH GULKO
VJ NUMBER:   000429-12         : PRESSLER & PRESSLER
EFFECTIVE DATE: 02/22/2012     : 7 ENTIN RD
AMOUNT:         $ 5778.25       :
COST:              57.00        : PARSIPPANY NJ
ATTORNEY FEE:     130.57        :
OTHER COST:        0.00         :              07054-5020
CREDITS:           0.00         :
JUDGMENT TOTAL: $ 5965.82       :
                                :
                                :
                                :
                                :
                                :
                                :
```

# EXHIBIT C

```
PRESSLER and PRESSLER, LLP                    P&P# J93075
COUNSELLORS AT LAW
7 Entin Rd.
Parsippany, NJ 07054-5020
1-973-753-5100  Ext 5106
```

IMPORTANT NOTICE - PLEASE READ CAREFULLY

INFORMATION SUBPOENA AND WRITTEN QUESTIONS

FAILURE TO COMPLY WITH THIS INFORMATION SUBPOENA
MAY RESULT IN YOUR ARREST AND INCARCERATION

```
MIDLAND FUNDING LLC
                                    SUPERIOR COURT OF NEW JERSEY
            Plaintiff(s)            LAW DIVISION
                                    WARREN  County
-vs-                                DOCKET NO.  DJ-075397-12

                                         Civil Action
PAULA JENSEN
                                         INFORMATION SUBPOENA
            Defendant(s)
```

THE STATE OF NEW JERSEY, to:  PAULA JENSEN

JUDGMENT has been entered against you in the  Superior  Court  of  New Jersey, Law Division, WARREN County , on  April 9, 2012, in the amount of $5,978.03 plus costs, of which $5,839.81 together with interest from April 9, 2012, remains due and unpaid.

Attached to this Information Subpoena is a list of questions that court rules require you to answer within 14 days from the date  you  receive this subpoena.  If you do not answer the attached questions within the time required, the opposing party may ask  the  court  to  conduct  a hearing in order to determine if you should be held in contempt.   You will be compelled to appear at the hearing and explain your reasons for your failure to answer.

If this judgment has resulted from a default, you may have the right to have this default judgment vacated by making an appropriate motion  to the court.  Contact  an  attorney  or  the  clerk  of  the  court  for information on making such a motion.  Even if you dispute the judgment you must answer all of the attached questions.

You must answer  each  question  giving  complete  answers,  attaching additional pages if necessary.  False or misleading answers may subject you to punishment by  the  court.   However,  you  need  not  provide information concerning the income and assets of others living in  your household unless you have a financial interest in the assets or income.  Be sure to sign and date your answers and return them to the  address in the upper left hand corner within 14 days.

```
Dated:  12/12/12
 s/Joanne L. D'Aurizio            s/TERRANCE D LEE
     Joanne L. D'Aurizio              TERRANCE D LEE
     Attorney for Plaintiff                Clerk
```

```
PAULA JENSEN
122 SILVER LAKE RD
BLAIRSTOWN, NJ 078254124
```

Court Docket # DJ-075397-12     P & P File # J93075

1. Full Name_____
2. Address_____
3. Birthdate_____/_____/_____
4. Social Security # _____-_____-_____
5. Driver's License #_____Exp Date_____
6. Telephone Number (   )_____
7. Full name & address of your employer_____
   _____
   (a) Your weekly salary: Gross_____Net_____
   (b) If not presently employed, name & address of last employer
   _____
8. Is there currently a wage execution on your salary?
   Yes_____No_____
9. List the names, addressees  and account numbers of all bank accounts on
   which your name appears.
   Bank                  Address              Acct#


10. If you receive money from any of the following sources,list the amount,
    how often, and the name and address of the source:
    Type              Amount & Frequency        Name & Addr of Source
    Alimony
    Loan Pymts
    Rental Income
    Pension
    Bank Interest
    Stock Dividends
    Other
11. Do you receive any of the following, which are exempt from levy? Any levy
    on disclosed exempt funds may result in monetary penalties including
    reimbursement of the debtor's out-of-pocket expenses.
    Social Security Benefits        Yes_____  Amount Per Month_____  No_____
    SSI Benefits                    Yes_____  Amount Per Month_____  No_____
    Welfare Benefits                Yes_____  Amount Per Month_____  No_____
    VA Benefits                     Yes_____  Amount Per Month_____  No_____
    Unemployment Benefits           Yes_____  Amount Per Month_____  No_____
    Worker's Compensation Benefits  Yes_____  Amount Per Month_____  No_____
    Child Support Benefits          Yes_____  Amount Per Month_____  No_____
    Attach copies of the three most recent bank statements for each account
    listed in question 9 that contain funds from these sources.
12. Do you own the property where you reside?
    Yes_____No_____ If yes, state the following:
    (a) Name of the owners_____
    (b) Date property was purchased_____(c) Purchase price_____
    (d) Name and address of mortgage holder_____
    _____
    (e) Balance due on mortgage_____
13. Do you own any other real estate?
    Yes_____No_____ If yes, state the following for each property
    (a) Address of property_____
    (b) Date property was purchased_____(c) Purchase price_____
    (d) Name and address of all owners_____
    _____
    (e) Name and address of mortgage holders_____
    _____

(f) Balance due on mortgage_____
(g) Name  and addresses  of all tenants  and monthly  rental paid by each
tenant_____
_____

14. Does the present value of your personal property, which includes automobiles,
    furniture, appliances, stocks,  bonds, and cash on hand exceed $1,000?
    Yes [ ] No[ ] If the answer is "yes",  you must itemize all personal property
    owned by you.  Cash on Hand: $_____
    Other  personal  property: (Set forth make, model and serial number. If financed,
    give name and address of party to whom payments are made.)

| Item | Date Purchased | Purchase Price | If Financed Balance Still Due | Present Value |
|------|------|------|------|------|
|  |  |  |  |  |

15. Do you own a motor vehicle?
    Yes_____No_____  If yes, state the following for each motor vehicle owned.
    (a) Make,model and year of motor vehicle_____
    (b) If there is a lien on the  vehicle, state the name and address of the
    lienholder and the amount due to the lienholder_____
    _____
    (c) License plate #_____
    (d) Vehicle identification #_____
16. Do you own a business?
    Yes_____No_____If yes,state the following:
    (a) Name and address of business_____
    _____
    (b) Is the business a corporation_____ Sole Proprietorship_____ Partnership_____?
    (c) The name and address of all stockholders, officers and/or partners
    _____
    _____
    (d) The amount of income received by you from the business during the last 12 months
    _____
17. Set forth all other judgments that you are aware of that have been entered against
    you and include:

| Creditor's Name | Creditor's Attorney | Amount Due | Name of Court | Docket # |
|------|------|------|------|------|
|  |  |  |  |  |

I hereby certify that the foregoing statements made by me are true. I am aware that if any
of the foregoing statements made by me are willfully false, I am subject to punishment.

Date:_____          _____
                                              Signature

# EXHIBIT D

**APPENDIX XI-L.**
**INFORMATION SUBPOENA AND WRITTEN QUESTIONS**

IMPORTANT NOTICE--PLEASE READ CAREFULLY

FAILURE TO COMPLY WITH THIS INFORMATION SUBPOENA MAY
RESULT IN YOUR ARREST AND INCARCERATION

NAME:                                    SUPERIOR COURT OF NEW JERSEY
ADDRESS:                                 LAW DIVISION:  SPECIAL CIVIL PART
                                         _____ COUNTY
TELEPHONE NO.:                           DOCKET NO.
Attorneys for:

                  Plaintiff                     CIVIL ACTION
                                                          INFORMATION SUBPOENA

     -vs-

                  Defendant

THE STATE OF NEW JERSEY, to: _____

  Judgment has been entered against you in the Superior Court of New Jersey, Law Division, Special Civil Part, _____ County, on _____, 20__, in the amount of $_____ plus costs, of which $_____ together with interest from _____, 20__, remains due and unpaid.

  Attached to this Information Subpoena is a list of questions that court rules require you to answer within 14 days from the date you receive this subpoena. If you do not answer the attached questions within the time required, the opposing party may ask the court to conduct a hearing in order to determine if you should be held in contempt.  You will be compelled to appear at the hearing and explain your reasons for your failure to answer.

  If this judgment has resulted from a default, you may have the right to have this default judgment vacated by making an appropriate motion to the court. Contact an attorney or the clerk of the court for information on making such a motion.  Even if you dispute the judgment you must answer all of the attached questions.

  You must answer each question giving complete answers, attaching additional pages if necessary. False or misleading answers may subject you to punishment by the court.  However, you need not provide information concerning the income and assets of others living in your household unless you have a financial interest in the assets or income.  Be sure to sign and date your answers and return them to the address in the upper left hand corner within 14 days.

Dated:  _____, 20__

_____         _____
Attorney for                                     Clerk

## QUESTIONS FOR INDIVIDUALS

1. Full name _____

2. Address _____

3. Birthdate _____

4. Social Security # _____

5. Driver's license # and expiration date _____
   _____

6. Telephone # _____

7. Full name and address of your employer _____
   _____
      (a)  Your weekly salary: Gross _____ Net _____
      (b)  If not presently employed, name and address of last employer. _____
          _____

8. Is there currently a wage execution on your salary?
       Yes ____ No ____

9. List the names, addresses and account numbers of all bank accounts on
   which your name appears.

10. If you receive money from any of the following sources, list the amount,
    how often, and the name and address of the source:

| Type | Amount & Frequency | Name & Address of Sources |
|---|---|---|
| Alimony | | |
| Loan Payments | | |
| Rental Income | | |
| Pensions | | |
| Bank Interest | | |
| Stock Dividends | | |
| Other | | |

11.   Do you receive any of the following, which are exempt from levy?  Any levy on disclosed exempt funds may result in monetary penalties including reimbursement of the debtor's out-of-pocket expenses.

Social Security benefits        Yes ____ Amount per month        No ____

S.S.I. benefits                 Yes ____ Amount per month        No ____

Welfare benefits                Yes ____ Amount per month        No ____

V.A. benefits                   Yes ____ Amount per month        No ____

Unemployment benefits           Yes ____ Amount per month        No ____

Workers' compensation benefits Yes ____ Amount per month        No ____

Child support payments          Yes ____ Amount per month        No ____

Attach copies of the three most recent bank statements for each account listed in Question 9 that contains funds from these sources.

12.   Do you own the property where you reside?
      Yes ___ No ___ If yes, state the following:
      (a)   Name of the owner or owners _____
      (b)   Date property was purchased ___ _____
      (c)   Purchase price _____ _ ____
      (d)   Name and address of mortgage holder _____
            _____
      (e)   Balance due on mortgage _____

13.   Do you own any other real estate?
      Yes ___ No ___ If yes, state the following for each property:
      (a)   Address of property _____
      (b)   Date property was purchased _____
      (c)   Purchase price _____ __ ___
      (d)   Name and address of all owners _____ ___ ___
            _
      (e)   Name and address of mortgage holder _____ ___ ___
            _____
      (f)   Balance due on mortgage _____ ___ ___
            _____ _
      (g)   Names and address of all tenants and monthly rental paid by each
            tenant _____
            _____

14. Does the present value of your personal property, which includes automobiles, furniture, appliances, stocks, bonds, and cash on hand, exceed $1,000?

Yes ___ No ___      If the answer is "yes," you must itemize all personal property owned by you.

Cash on hand: $_____

Other personal property: (Set forth make, model and serial number. If financed, give name and address of party to whom payments are made).

| Item | Date Purchased | Purchase Price | If Financed Balance Still Due | Present Value |
|------|----------------|----------------|-------------------------------|---------------|

15. Do you own a motor vehicle?

Yes ___ No ___ If yes, state the following for each vehicle owned:

(a) Make, model and year of motor vehicle _____ _____

_____

(b) If there is a lien on the vehicle, state the name and address of the lienholder and the amount due to the lienholder _____

_____

(c) License plate # _____

_____

(d) Vehicle identification # _____

_____

16. Do you own a business?

Yes ___ No ___ If yes, state the following:

(a) Name and address of the business _____

_____

(b) Is the business a Corporation _____, sole proprietorship _____ or partnership _____?

(c) The name and address of all stockholders, officers and/or partners

_____

_____

(d) The amount of income received by you from the business during the last twelve months _____

_____

17. Set forth all other judgments that you are aware of that have been entered against you and include:

| Creditor's Name | Creditor's Attorney | Amount Due | Name of Court | Docket # |
|-----------------|---------------------|------------|---------------|----------|

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: _____          _____

## QUESTIONS FOR BUSINESS ENTITY

1. Name of business including all trade names. _____
   _____

2. Addresses of all business locations. _____
   _____

3. If the judgment-debtor is a corporation, the names and addresses of all
   stockholders, officers and directors.

   _____
   _____
   _____

4. If a partnership, list the names and addresses of all partners.

   _____
   _____

5. If a limited partnership, list the names and addresses of all general
   partners.

   _____
   _____
   _____

6. Set forth in detail the name, address and telephone number of all
   businesses in which the principals of the judgment-debtor now have an
   interest and set forth the nature of the interest.

   _____

7. For all bank accounts of the judgment-debtor business entity, list the
   name of the bank, the bank's address, the account number and the name in
   which the account is held.

   _____
   _____

8. Specifically state the present location of all books and records of the
   business, including checkbooks. _____
   _____

9. State the name and address of the person, persons, or entities who

prepare, maintain and/or control the business records and checkbooks.

_____

_____

10. List all physical assets of the business and their location. If any asset is subject to a lien, state the name and address of the lienholder and the amount due on the lien.

_____

_____

_____

11. Does the business own any real estate? Yes ___ No ___
    If yes, state the following for each property:
    (a) Name(s) in which property is owned _____
    (b) Address of property _____
    (c) Date property was purchased _____
    (d) Purchase price _____
    (e) Name and address of mortgage holder _____
        _____
    (f) Balance due on mortgage _____
    (g) The names and addresses of all tenants and monthly rentals paid by each tenant.

    NAME AND ADDRESS OF TENANT                    MONTHLY RENTAL

12. List all motor vehicles owned by the business, stating the following for each vehicle:
    (a) Make, model and year _____
        _____
    (b) License plate number _____
    (c) Vehicle identification number _____
    (d) If there is a lien on the vehicle, the name and address of the lienholder and the amount due on the lien
        _____
        _____

13. List all accounts receivable due to the business, stating the name, address and amount due on each receivable.
    NAME AND ADDRESS                              AMOUNT DUE

14. For any transfer of business assets that has occurred within six months from the date of this subpoena, specifically identify:
    (a) The nature of the asset _____
        _____
    (b) The date of transfer _____
    (c) Name and address of the person to whom the asset was transferred _____
        _____
    (d) The consideration paid for the asset and the form in which it was paid (check, cash, etc.) _____

(e)  Explain in detail what happened to the consideration paid for the
asset _____ _____
_____

15.  If the business is alleged to be no longer active, set forth:
(a)  The date of cessation _____ _____
(b)  All assets as of the date of cessation _____ ____
_____
(c)  The present location of those assets _____
_____

(d)  If the assets were sold or transferred, set forth:

(1)  The nature of the assets _____ _____ _____
_____
(2)  Date of transfer _____ ____ _____
(3)  Name and address of the person to whom the assets were
transferred _____ _____ ____
_____

(4)  The consideration paid for the assets and the form in which it
was paid _____ _____
_____ _____

(5)  Explain in detail what happened to the consideration paid for
the assets _____ _____ ____
_____ _____

16.  Set forth all other judgments that you are aware of that have been entered
against the business and include the following:

| Creditor's Name | Creditor's Attorney | Amount Due | Name of Court | Docket Number |
|---|---|---|---|---|

17.  For all litigation in which the business is presently involved, state:
(a)  Date litigation commenced _____ _____
(b)  Name of party who started the litigation _____
_____
(c)  Nature of the action _____
_____
(d)  Names of all parties and the names, addresses and telephone numbers
of their attorneys _____
_____
_____
(e)  Trial date _____
(f)  Status of case _____
(g)  Name of the court and docket number _____
_____

18.  State the name, address and position of the person answering these
questions. _____
_____

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Date: _____          _____


[Note:  Former Appendix XI-K adopted June 29, 1990, effective September 4, 1990; amended July 14, 1992, effective September 1, 1992; redesignated as Appendix XI-L and amended July 13, 1994, effective September 1, 1994; amended  July 28, 2004 to be effective September 1, 2004.]

# EXHIBIT E

Paula Jensen
122 Silver Lake Road
Blairstown, NJ 07825

*Via Certified Mail:*
Pressler and Pressler, LLP
7 Entin Road
Parsippany, NJ 07504-5020

RE: Warren County Docket DJ-075397-12
Original DC 3230-11

January 15, 2013

Gentlemen,

I received the enclosed information subpoena sent to me by certified mail and cover letter. As per the Fair Debt Collection Practices Act (FDCPA), which affords me the right to dispute your claims, I am now pursuing an answer and motion to vacate this matter before the court.

The letter advised me to contact the county clerk, Terrance Lee, with any questions. He was noted as a co-sender, along with an attorney from your firm. I was very surprised as he is a personal friend and know he is no longer employed in this capacity. Warren County Court since verified that Mr. Lee retired over six years ago. This indicates that this is a fraudulent document created and generated by your law firm - not the court. This is in violation of the FDCPA, as is the threatening verbiage, "failure to comply with this information subpoena may result in your arrest and incarceration" in same correspondence. A complaint has been filed with the FTC for this offense, reference #42854805.

I also spoke with a paralegal, Jason, at your establishment and inquired as to obtaining a copy of the original agreement for credit associated with my Bank of America account. He was unaware one existed. Both facts enforce the questionable nature of your dealings.

Regretfully, I am remiss in not being as proactive before the judgment was made for the original docket DC 3230-11, which resulted in a monthly payment arrangement; assuming you were legitimate was my error. After missing one payment, I attempted to catch up with a duplicate payment that you accepted but then refused to continue the arrangement. This inflexibility also reflects on your intent to collect this debt regardless of circumstances. The following page outlines other surreptitious dealings of your firm as provided by an independent source.

By way of discovery, please produce any documents that substantiate ownership of my debt. These include the original signed contract and title of ownership.

Sincerely,

Paula Jensen

Att: Request for/and information subpoena, P&P #J93075, from Pressler and Pressler via certified mail

cc: Superior Court of NJ, Law Division, Warren County
413 Second Street, Belvidere, NJ 07823

# EXHIBIT F

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| Paula Jensen, *on behalf of herself and all others similarly situated*, | : | |
| | : | Civil Action No.: _____ |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| Pressler & Pressler, LLP; Midland Funding LLC; and Does 1-100, | : | **DEMAND FOR JURY TRIAL** |
| | : | |
| Defendants. | : | |
| | : | |

## CLASS ACTION COMPLAINT

Plaintiff, Paula Jensen, by and through her undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

### INTRODUCTION

1.     Plaintiff, Paula Jensen ("Plaintiff"), brings this class action for damages seeking redress for the unlawful and fraudulent debt collection practices of Defendants, Pressler & Pressler, LLP, Midland Funding LLC, and Does 1-100.

2.     On behalf of its clients, Midland Funding and Does 1-100, Pressler & Pressler transmits information subpoenas purporting to be signed by Clerk Terrance D. Lee.  The Information Subpoena threatens contempt proceedings for failure to answer.  A true and correct copy of the Information Subpoena is attached hereto as Exhibit A and is reproduced below.

```
PRESSLER and PRESSLER, LLP
COUNSELLORS AT LAW
7 Entin Rd.                                    P&P# J93075
Parsippany, NJ 07054-5020
1-973-753-5100   Ext 5106
```

### IMPORTANT NOTICE - PLEASE READ CAREFULLY

### INFORMATION SUBPOENA AND WRITTEN QUESTIONS

### FAILURE TO COMPLY WITH THIS INFORMATION SUBPOENA
### MAY RESULT IN YOUR ARREST AND INCARCERATION

MIDLAND FUNDING LLC

| | |
|---|---|
| Plaintiff(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>WARREN County<br>DOCKET NO. DJ-075397-12 |
| -vs- | |
| PAULA JENSEN | Civil Action |
| Defendant(s) | INFORMATION SUBPOENA |

THE STATE OF NEW JERSEY, to: PAULA JENSEN

JUDGMENT has been entered against you in the Superior Court of New Jersey, Law Division, WARREN County, on April 9, 2012, in the amount of $5,978.03 plus costs, of which $5,839.81 together with interest from April 9, 2012, remains due and unpaid.

Attached to this Information Subpoena is a list of questions that court rules require you to answer within 14 days from the date you receive this subpoena. If you do not answer the attached questions within the time required, the opposing party may ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear at the hearing and explain your reasons for your failure to answer.

If this judgment has resulted from a default, you may have the right to have this default judgment vacated by making an appropriate motion to the court. Contact an attorney or the clerk of the court for information on making such a motion. Even if you dispute the judgment you must answer all of the attached questions.

You must answer each question giving complete answers, attaching additional pages if necessary. False or misleading answers may subject you to punishment by the court. However, you need not provide information concerning the income and assets of others living in your household unless you have a financial interest in the assets or income. Be sure to sign and date your answers and return them to the address in the upper left hand corner within 14 days.

Dated: 12/12/12

```
 s/Joanne L. D'Aurizio                    s/TERRANCE D LEE
    Joanne L. D'Aurizio                      TERRANCE D LEE
  Attorney for Plaintiff                         Clerk
```

3.    In fact, the "Clerk", Terrance D. Lee, has been retired for six years.  In addition, Mr. Lee's position was Warren County Clerk, an elected position completely unrelated to the position of the Superior Court Clerk, whose signature ought to appear on the Information Subpoena.

4.    Neither Mr. Lee nor anyone on his behalf approved the use of his name as "Clerk" on fraudulent information subpoenas served on unsuspecting recipients by Defendants under the color of law.  Nonetheless, Pressler & Pressler continues to use Mr. Lee's signature to perpetrate its fraudulent scheme.

5.    Midland Funding and Does 1-100, who are themselves "debt collectors", are vicariously liable for the actions of Pressler & Pressler.  *Pollice v. National Tax Funding, L.P.* 225 F.3d 379 (3d Cir. 2000).

## JURISDICTION

6.     This Court has federal question jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, as the claims alleged against Defendants arise under the FDCPA.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendants regularly transact business in this District, and a substantial portion of the acts giving rise to the action occurred in this District.

## PARTIES

8.     Plaintiff is an adult individual residing in Blairstown, New Jersey, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.     Defendant Pressler & Pressler, LLP ("Pressler") is a New Jersey business entity with its principal place of business at 7 Entin Rd, Parsippany, New Jersey.

10.    Defendant Midland Funding LLC ("Midland", or collectively with Pressler, the "Defendants") is a Delaware business entity with its principal place of business at 3111 Camino Del Rio North, Ste 1300, San Diego, California.

11.    Does 1-100 are debt collectors on whose behalf Pressler collects (the "Doe Defendants"). One or more of the Doe Defendants will be joined as parties once their identities are disclosed through discovery.

12.    All Defendants are engaged in the business of collecting or attempting to collect, directly or indirectly, consumer debt owed or due, or asserted to be owed or due, another as one of their principal areas of business. As such, Defendants are each "debt collectors" within the meaning of 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.**    **The Debt**

13.    Plaintiff allegedly incurred a financial obligation (the "Debt") to a Creditor (the "Creditor").

14.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" as defined by 15 U.S.C. § 1692a(5).

15.    Upon information and belief, the Debt was purchased by or assigned to Midland.

16.    Thereafter, at Midland's direction and on Midland's behalf, Pressler attempted to collect the

Debt.

17.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

**B.     The Judgment**

18.     In or around 2011, Pressler, at Midland's direction, brought a suit against Plaintiff in New Jersey Superior Court in an attempt to collect the Debt.

19.     On or about April 9, 2012, Defendants obtained a default judgment against Plaintiff in the amount of $5,978.03.

**C.     The Information Subpoena**

20.     In December 2012, Plaintiff received an information subpoena dated December 12, 2012 (the "Information Subpoena") from Pressler.

21.     The Information Subpoena is a form document created by Pressler from a template.

22.     Pressler sent the Information Subpoena to Plaintiff on Midland's behalf.

23.     The Information Subpoena provides, in pertinent part:

**FAILURE TO COMPLY WITH THIS INFORMATION SUBPOENA MAY RESULT IN YOUR ARREST AND INCARCERATION**

**\*\*\***

**Attached to this Information Subpoena is a list of questions that court rules require you to answer within 14 days from the date you receive this subpoena.  If you do not answer the attached questions within the time required, the opposing party may ask the court to conduct a hearing in order to determine if you should be held in contempt.  You will be compelled to appear at the hearing and explain your reasons for your failure to answer.**

24.     The Information Subpoena is electronically signed by one of Pressler's attorneys, Joanne L. D'Aurizio.  The Information Subpoena also purports to bear the electronic signature of Terrance D. Lee, as Clerk on behalf of the Court.

25.     Mr. Lee has been retired for six years.

26.     In addition, Mr. Lee was never a Superior Court Clerk, but rather Warren County Clerk, an elected position completely unrelated to the position of Superior Court Clerk.

27.     As Warren County Clerk, Mr. Lee did not have to ability to issue or authorize the Information Subpoena.

28.     Mr. Lee did not authorize or approve the Information Subpoena, and he never had the ability to issue or authorize it.

29.     Mr. Lee's name and signature were disseminated to unsuspecting consumers and third parties without his knowledge or consent.

30.     Upon information and belief, Pressler falsely signs information subpoenas for Mr. Lee on a regular and consistent basis when collecting debts for Midland and the Doe Defendants.

## CLASS ACTION ALLEGATIONS

**A.     The Class**

31.     Plaintiff brings this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated.

32.     Plaintiff's proposed Class is as follows:

**All persons in the State of New Jersey to whom or on whose accounts Defendants sent an information subpoena bearing the name Terrance D. Lee which is substantially similar to the Information Subpoena.**

33.     Excluded from these definitions are (a) defendant, its corporate parents, subsidiaries, and affiliates, or any person controlled or controlling such excluded persons, including their legal representatives, heirs, successors and assigns; (b) all persons whose claims arose outside the applicable statute of limitations; and (c) any person whose debt was a 'business debt' as defined by the FDCPA.

**B.     Numerosity**

34.     Upon information and belief, Pressler, acting on behalf of its debt collector clients, has sent materially identical or substantially similar information subpoenas to hundreds of consumers throughout the New Jersey.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

35.     The exact number and identities of the Class members are unknown at this time and can only be

ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Pressler's collection records.

**C.      Common Questions of Law and Fact**

36.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

37.     The questions of law and fact common to the Class concern whether the Information Subpoena violates the FDCPA, 15 U.S.C. §§ 1692e, e(9) and e(10).

38.     The following questions of law and fact common to the Class members are ripe for determination:

   (a)      Whether Defendants violated 15 U.S.C. § 1692e(9) by misrepresenting that documents received by Plaintiff and the other members of the Class were authorized by a court;

   (b)      Whether Defendants violated 15 U.S.C. §§ 1692e and e(10) by engaging in false and deceptive debt collection practices; and

   (c)      Whether Defendants engaged in fraud.

39.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely send information subpoenas identical or substantially similar to the Information Subpoena to consumers is accurate, Plaintiff and the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

**D.      Typicality**

40.     Plaintiff's claims are typical of the claims of the Class since each of the claims arises from the same or a substantially similar communication from Pressler.

**E.      Protecting the Interests of the Class Members**

41.     Plaintiff will fairly and adequately represent Class interests.

42.     All Class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

43.     Plaintiff has retained counsel experienced in litigating class actions and debt collection abuse claims and who stands ready, willing, and able to represent the Class.


## F.     Proceeding Via Class Action is Superior and Advisable

44.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Congress specifically provided for the commencement of class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k.

45.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and therefore would have no effective remedy at law.

46.     The members of the Class are generally unsophisticated individuals whose rights will not be vindicated absent a class action.

47.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of both the Court and the litigants, and promotes consistency and efficiency of adjudication.

48.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants and other debt collectors.  Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

49.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I
## Violation of the FDCPA, 15 U.S.C. § 1692e(9)

50.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

51.     15 U.S.C. § 1692e(9) of the FDCPA provides, in pertinent part:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**

**(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.**

52. The Information Subpoena is falsely represented to be a document authorized, issued, or approved by Terrance D. Lee on behalf of the New Jersey Superior Court.

53. The Information Subpoena could not have been and was not authorized, issued or approved by Mr. Lee.

54. The foregoing constitutes a violation of 15 U.S.C. § 1692e(9), for which Plaintiff and the Class are entitled to recover damages.

<u>**COUNT II**</u>
<u>**Violation of the FDCPA, 15 U.S.C. §§ 1692e and e(10)**</u>

55. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

56. 15 U.S.C. § 1692e(10) provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

57. The Information Subpoena implies to the consumer that it has been reviewed and approved by an officer of a court.

58. This is false, in violation of 15 U.S.C. § 1692e and e(10). Plaintiff and the Class are therefore entitled to recover damages.

## COUNT III
### Fraudulent Misrepresentation

59.    Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

60.    Pressler misrepresented that the Information Subpoena was signed by Mr. Lee and was approved and authorized by Mr. Lee on behalf of the Superior Court of New Jersey.

61.    At the time the Information Subpoena was sent, Pressler knew that this misrepresentation was false, as Mr. Lee could not have provided consent for his electronic signature to be used.

62.    Pressler intended for Plaintiff to rely on its false representation, thereby inducing Plaintiff and other Class members to provide Defendants with the information sought.

63.    Plaintiff reasonably relied on Pressler's misrepresentation, believing that the Court, not Defendants, was compelling her to provide the requested information to Defendants.

64.    In the alternative, reliance here could be presumed and shown on a class-wide basis.

65.    Plaintiff and the Class members were damaged by Pressler's misrepresentation, in that receiving a purported court document stating that "FAILURE TO COMPLY WITH THIS INFORMATION SUBPOENA MAY RESULT IN YOUR ARREST AND INCARCERATION" caused Plaintiff a great deal of stress and anxiety. *See* Exhibit A.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, and against Defendants, jointly and severally, as follows:

A)    Statutory damages pursuant to 15 U.S.C. § 1692k;

B)    Reasonable attorney's fees, litigation expenses and costs incurred pursuant to 15 U.S.C. § 1692k(a)(3);

C)    Actual damages;

D)    Punitive damages;

E)    Declaring that the practices of Defendants as detailed herein violate the FDCPA; and

F)      Granting such other and further relief this Court deems just and appropriate.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 19, 2013

Respectfully submitted,

By: /s/ Sofia Balile
Sofia Balile, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Email: sbalile@lemberglaw.com
*Attorneys for Plaintiff*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Paula Jensen | Pressler and Pressler LLP and Midland Funding LLC |

| (b) County of Residence of First Listed Plaintiff    County of Warren | County of Residence of First Listed Defendant    County of Morris |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Sofia Balile, Esq., Lemberg & Associates, LLC, 1100 Summer Street, Third Floor, Stamford, CT 06905; (203) 653-2250 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury <br> ☐ 362 Personal Injury - Med. Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - Product Liability <br> ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 690 Other <br><br> **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br><br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 375 False Claims Act <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☒ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information Act <br> ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision <br> ☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 445 Amer. w/Disabilities - Employment <br> ☐ 446 Amer. w/Disabilities - Other <br> ☐ 448 Education | **PRISONER PETITIONS** <br> ☐ 510 Motions to Vacate Sentence <br> **Habeas Corpus:** <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) <br> ☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1692

Brief description of cause:
Violations of the Fair Debt Collection Practices Act

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 25,000.00 | CHECK YES only if demanded in complaint: <br> JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 03/19/2013 | /s/ Sofia Balile |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
    Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | |
|---|---|
| Paula Jensen _____ <br> *Plaintiff* <br><br> v. <br><br> Pressler and Pressler LLP; Midland Funding <br> LLC; and Does 1-100, inclusive _____ <br> *Defendants* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendants' name and address)*   Pressler and Pressler LLP
7 Entin Road
Parsippany, New Jersey 07054-9944

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street
Stamford, CT 06905

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

### District of New Jersey

| | |
|---|---|
| Paula Jensen<br>*Plaintiff* | ) ) ) |
| v. | ) )  Civil Action No. |
| Pressler and Pressler LLP; Midland Funding<br>LLC; and Does 1-100, inclusive<br>*Defendants* | ) ) ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendants' name and address)*   Midland Funding LLC
8875 Aero Drive, Suite 200
San Diego, California 92123

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street
Stamford, CT 06905

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*