# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Paula Jensen, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Pressler & Pressler, LLP; Midland Funding LLC; and Does 1 - 100,<br><br>Defendants. | Case No. 2:13-cv-01712-SDW-MCA |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN <u>SUPPORT OF HER CROSS-MOTION FOR SUMMARY JUDGMENT</u>

Sofia Balile, Esq.
Sergei Lemberg, Esq. (admitted *pro hac vice*)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: sbalile@lemberglaw.com
Email: slemberg@lemberglaw.com
Attorneys for Plaintiff

## **Table of Contents**

PRELIMINARY STATEMENT ................................................................... 1

STATEMENT OF FACTS ......................................................................... 5

ARGUMENT ............................................................................................. 7

   I.   Applicable Standard ......................................................................... 7

   II.  The Purpose of the FDCPA ............................................................. 8

   III.   The FDCPA and Attorney Debt Collectors ...................................... 8

   IV.   Materiality and the FDCPA ............................................................ 10

   V.  The Information Subpoena Violated the FDCPA .............................. 14

      A.  Violation of Section 1692e(9) ...................................................... 14

      B.  Violation of Sections 1692e and 1692e(10) .................................. 17

CONCLUSION ........................................................................................ 24

## Table of Authorities

**Cases**

*Acik v. I.C. System, Inc.*, 251 F.R.D. 332 (N.D. Ill. 2008)..................................................23

*Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 3640 (3d Cir. 2011)...............1, 4, 13

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)..... 7

*Astarita v. Solomon & Solomon, PC*, 2013 WL 1694807 (D.N.J. Apr. 18, 2013).............. 17

*Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383 (D. Del. 1991). ................................... 23

*Brown v. Card Service Center*, 464 F.3d 450 (3d Cir. 2006). .................................................. 11

*Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294 (3d Cir. 2008).............. 9, 13

*City of Newark v. Benjamin*, 144 N.J. Super. 58 (1978). ....................................................... 18

*Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010)............................................. 10

*Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991). ............................................................. 23

*Hahn v. Triumph Partnerships LLC*, 557 F.3d 755 (7th Cir. 2009). .................................. 10

*Hirsch v. DePuy*, 11 N.J. Misc. 500 (1933)........................................................................... 21

*Hunt v. Cromartie,* 526 U.S. 541, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999). ....................... 7

*Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985).............................................. 23

*Lembach v. Bierman*, 2013 WL 2501752 (4th Cir., June 12, 2013). ........................... 10, 12

*Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993 (3d Cir. 2011)................... 4, 8, 9

*Lox v. CDA, Ltd.*, 689 F.3d 818 (7th Cir. 2012). ................................................................. 11

*McCall v. Drive Fin. Services, L.P.*, 236 F.R.D. 246 (E.D. Pa. 2006).................................... 23

*Miller v. Javitch, Block & Rathbone*, 561 F.3d 588 (6th Cir. 2009) ..................................... 10

*National State Bank v. Schwarzhaupt*, 119 N.J. Eq. 479, 182 A. 873 (Ct. Errors and

     Appeals 1936). .......................................................................................... 19

*Philipps v. GC Services Ltd.*, 1994 WL 127283 (N.D. Ill., Apr. 7, 1994). ................... 17, 18

*Pizzullo v. N.J. Mfrs. Ins. Co.*, 196 N.J. 251, 952 A.2d 1077 (2008) ................................. 19

*Reiman v. Breslin*, 175 N.J. Super. 353, 418 A.2d 1293 (App. Div. 1980) ....................... 18

*Rosenau v. Unifund Corp.*, 539 F.3d 218 (3d Cir. 2008) ................................................ 13, 17

*Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). ........................... 7

*Seawell v. Universal Fidelity Corp.*, 235 F.R.D. 64 (E.D. Pa. 2006). .................................. 23

*State ex rel. Whitacre v. Ladd*, 717 S.W.2d 287 (Mo. App. 1986). .................................... 20

*Supan v. Medical Bureau of Economics, Inc.*, 785 F. Supp. 304 (D. Conn. 1991) ......... 4, 5, 16

*Wahl v. Midland Credit Management, Inc.*, 243 F.R.D. 291 (N.D. Ill. 2007) ...................... 23

*Wilson v. Quadramed Corp.*, 225 F.3d 350 (3d Cir.  2000). ................................................ 13

## Statutes

15 U.S.C. § 1692. .......................................................................................... 5, 8, 17

## Other Authorities

*Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection*

     *Practices Act*, 53 Fed. Reg. 50097 (Dec. 13, 1988). .................................................. 15, 17

## Rules

Fed.R.Civ.P. 56(a) ........................................................................................... 7

Plaintiff, Paula Jensen, respectfully submits this memorandum in opposition to the Motion for Summary Judgment Filed by Defendant Pressler & Pressler, LLP ("Defendant" or "Pressler").  (Doc. No. 19) and in Support of Her Cross-Motion for Summary Judgment.

## PRELIMINARY STATEMENT

In this proposed class action, Ms. Jensen has sued Pressler and Midland Funding LLC for violating the Fair Debt Collection Practices Act ("FDCPA") by signing subpoenas in the name of a retired Warren County Clerk, Terrence D. Lee, rather than in the name of the current Clerk of the Superior Court, as required.[1]  As the Third Circuit has held, Section 1692e of the FDCPA proscribes "*any* false, deceptive or misleading representation."  *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 367 (3d Cir. 2011) (emphasis by court).  Printing Mr. Lee's name on the subpoenas shows a complete absence of care and oversight by these debt collectors and falsely represents that the subpoena is endorsed and authorized by the Court when it is not.  If the anti-falsity prohibitions of the FDCPA are to have any meaning, they must prohibit the widespread dissemination of court documents purporting to be authorized and endorsed by non-existent Court personnel.

Pressler argues that the oversight is not material, but it in fact amounts to an intentional violation of federal law.  Dating back to at least July 2008, the New Jersey

---

[1]  Midland and Does 1-100, who are themselves 'debt collectors' are vicariously liable for the actions of Pressler and Pressler.  *Pollice v. National Tax Funding, L.P.* 225 F.3d 379 (3rd Cir. 2000).

Judiciary has issued notices expressly identifying the names of Court Clerks in whose names subpoenas could be issued. On July 1, 2008, the Acting Administrative Director of the Courts issued the following "Notice to the Bar:"

## NOTICE TO THE BAR

### Acting Superior Court Clerk Designation; Name for Inclusion on Summonses and Subpoenas

By order dated May 13, 2008 (previously published; additional copy attached), the Supreme Court directed that in the absence of the Acting Superior Court Clerk, the Chief Deputy Clerk of Superior Court is authorized to perform the duties of the Clerk of Superior Court. With the July 1, 2008 retirement of Acting Superior Court Clerk Christina P. Higgins, the effect of the Court's May 13, 2008 order is that Chief Deputy Clerk Jennifer M. Perez will function on a temporary basis as Acting Clerk of Superior Court as of July 1, 2008 and until further order of the Court.

The name of the Clerk of the Superior Court is specifically required on a summons pursuant to Rule 4:4-2. Additionally, <u>pursuant to Rule 1:9-1 an attorney or party may issue a subpoena in the name of the Clerk. Thus, as of July 1, 2008 the name to be used on summonses and subpoenas should be that of temporary Acting Clerk Jennifer M. Perez.</u>

Philip S. Carchman, P.J.A.D.
Acting Administrative Director of the Courts

Dated:  July 1, 2008

2

*See* http://www.judiciary.state.nj.us/notices/2008/n080707a.htm (underlining

added).[2]

But Pressler ignored this Notice To The Bar.  Indeed, the New Jersey Judiciary

describes these Notices as being "of utmost importance to attorneys."  *See* New Jersey

Judiciary Press Release, dated Jan. 14, 2011.[3]

As a matter of course, the New Jersey Judiciary notifies the Bar with the correct

name of the clerk to be used on subpoenas when that person changes.  After the July

1, 2008 Notice To The Bar announcing Jennifer M. Perez as that person, a Notice To

the Bar was issued on May 14, 2013 announcing, in pertinent part:

> An attorney or party may issue a subpoena in the name of
> the clerk pursuant to R. 1:9-1.  Thus, as of May 18, 2013,
> and until further order of the Supreme Court, the name to
> be used on summonses and subpoenas should be that of
> Acting Clerk Elisabeth Ann Strom.[4]

Similarly, the September 11, 2013 Notice To The Bar announced:

> An attorney or party may issue a subpoena in the name of
> the clerk pursuant to R. 1:9-1.  Thus, as of September 21,
> 2013, and until further order of the Supreme Court, the
> name to be used on summonses and subpoenas should be
> that of Michelle M. Smith."[5]

---

[2] The Court may take judicial notice of the Notices To The Bar posted on the New Jersey Judiciary's
website, as well as other information published there.  *See, e.g., Daniels–Hall v. Nat'l Educ. Ass'n,* 629
F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of official information posted on a
governmental website, the accuracy of which was undisputed).
[3] *See* http://www.judiciary.state.nj.us/pressrel/pr110114a.htm.
[4] *See* http://www.judiciary.state.nj.us/notices/2013/n130517b.pdf.
[5] *See* http://www.judiciary.state.nj.us/notices/2013/n130912c.pdf.

On their face, each of these three Notices To The Bar specifically sets forth that New Jersey attorneys have the obligation to specify the correct name of the clerk in order to comply with Rule 1:9-1.  Pressler could care less – it issued the subject subpoena to Ms. Jensen, and to countless others, while ignoring the rules and the law. Its arguments that that failure to comply with Rule 1:9-1 is immaterial must be discarded.

In *Allen, supra*, the Third Circuit ruled:

> The FDCPA is a remedial statute, and we construe its language broadly so as to effect its purposes.  *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006).  Section 1692e proscribes "*any* false, deceptive or misleading representation," (emphasis added), and § 1692d similarly condemns "*any* conduct the natural consequence of which is to harass, oppress, or abuse any person." (emphasis added).

*Allen*, 629 F.3d at 367 (emphasis added by Court).  *See also Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) ("Because the FDCPA is a remedial statute, we construe its language broadly so as to effect its purpose.") (citation omitted).

Plain and simple, Pressler is guilty of issuing subpoenas in the name of a clerk of the court who does not exist, as Terrance D. Lee never held such position.  The court in *Supan v. Medical Bureau of Economics, Inc.,* 785 F. Supp. 304 (D. Conn. 1991) found a similar misrepresentation in violation of the FDCPA.  There, the debt collector sent letters in the names of persons not employed by the debt collector.  *Id.*

at 305.  The *Supan* court found that "[t]he mere fact that the letters were signed in the names of nonexistent persons is sufficient to establish liability under the FDCPA." *Id.*  The same result is required here.

As set forth below, Pressler's false designation of the issuing clerk in the subject subpoenas fits squarely within the consumer protections afforded by the FDCPA, and, as such, the Court should find, as a matter of law, that Pressler violated the FDCPA by issuing them.

## STATEMENT OF FACTS

Ms. Jensen's action against Pressler concerns Pressler's debt collection efforts arising from the case *Midland Funding, LLC v. Paula Jensen*, bearing docket number DC-003230-11 in the Superior Court of New Jersey, Law Division, Special Part, Warren County (the "State Court Action").  (Doc. No. 19-1, Stip. of Facts and Exhibits for Summary Judgment Motion at ¶¶ 2-7).  In the State Court Action, judgment by default was entered against Ms. Jensen on February 22, 2012 in the amount of $5,965.82.  (*Id.* at ¶ 5).  Pressler acted as a "debt collector," as defined by 15 U.S.C. § 1692a(6), in the State Court Action.  (*Id.* at ¶ 2).

On December 12, 2012, Pressler sent an Information Subpoena to Ms. Jensen in the State Court Action.  (*Id.* at ¶ 7 and Ex. C thereto).  The Information Subpoena contained the computer-generated signature "s/Joanne L. D'Aurizio" on the signature line for "Attorney for Plaintiff."  (*Id.*).  Ms. D'Aurizio is an attorney at Pressler.  (*Id.* at ¶ 9).  The Information Subpoena contained the computer-generated signature

"s/TERRANCE D LEE" on the signature line for "Clerk."  (*Id.* at Ex. C).  Mr. Lee

was never a Superior Court Clerk in the State of New Jersey.   (*Id.* at ¶ 10).  Rather,

Mr. Lee was once the Warren County Clerk and has been retired from that position

for six years.  (*Id.* at ¶¶ 11-12).  Mr. Lee did not authorize or approve the Information

Subpoena Pressler sent to Ms. Jensen, and he did not authorize Pressler to sign his

name.  (*Id.* at ¶¶ 13-14).

On January 15, 2013, Ms. Jensen sent a letter to Pressler objecting to the

Information Subpoena as follows:

> I received the enclosed information subpoena sent to me
> by certified mail and cover letter.  As per the Fair Debt
> Collection Practices Act (FDCPA), which affords me the
> right to dispute your claims, I am now pursuing an answer
> and motion to vacate this matter before the court.
>
> The letter advised me to contact the county clerk, Terrance
> Lee, with any questions.  He was noted as a co-sender,
> along with an attorney from your firm.  I was very
> surprised as he is a personal friend and know he is no
> longer employed in this capacity.  Warrant County since
> verified that Mr. Lee retired over six years ago.  This
> indicates that that is a fraudulent document created and
> generated by your law firm – not the court.  This is in
> violation of the FDCPA, as is the threatening verbiage,
> "failure to comply with this information subpoena may
> result in your arrest and incarceration" in same
> correspondence.  A complaint has been filed with the FTC
> for this offense, reference #42854805.
>
> (*Id.* at ¶ 15 and Ex. E thereto).

In addition to the above objection, Ms. Jensen also answered the Information

Subpoena and written questions sent to her by Pressler.  (*Id.* at ¶ 16).  As she advised

Pressler in her January 15, 2013 letter, Ms. Jensen filed a motion to vacate the judgment entered in the State Court Action on February 12, 2013.  That motion was denied on March 1, 2013.  (*Id.* at ¶ 17).

On March 19, 2013, Ms. Jensen filed her class action complaint in this Court. (*Id.* at ¶ 18).

## ARGUMENT

### I.     Applicable Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. *Id.*  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Id.*  The Court will view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to be drawn from that evidence to that party. *Hunt v. Cromartie,* 526 U.S. 541, 552, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999). *See also Scott v. Harris,* 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (The district court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion.").

## II.     The Purpose of the FDCPA

Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Accordingly, a significant purpose of the FDCPA is to eliminate these abusive practices. The instant case fits squarely into the type of practices this consumer protection statute was enacted to protect: a debt collector's willfully negligent issuance of information subpoenas over and over again without the minimal review that would have identified that it was using the name of a county clerk instead of the clerk of the court; and on top of that, a county clerk that had long since retired.[6]

## III.    The FDCPA and Attorney Debt Collectors

Under the FDCPA, communications coming from attorneys acting as debt collectors, as Pressler did here, require added scrutiny to afford adequate consumer protection. This is because "[a]n unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up." *Lesher v. Law Offices Of Mitchell N. Kay, PC*, 650 F.3d 993, 1003 (3d Cir. 2011) (quoting *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996)). In explaining the significance of communications that come from attorneys, the *Lesher* court further quoted *Avila* as follows:

> A letter from an attorney implies that a real lawyer, acting
> like a lawyer usually acts, directly controlled or supervised

---

[6] Mr. Lee was the County Clerk of Warren County from April 1979 to December 2006. *See* http://www.co.warren.nj.us/countyclerk/history.html.

> the process through which the letter was sent. That's the essence of the connotation that accompanies the title of "attorney." A debt collection letter on an attorney's letterhead conveys authority. Consumers are inclined to more quickly react to an attorney's threat than to one coming from a debt collection agency.

*Lesher,* 650 F.3d at 1000 (quoting *Avila,* 84 F.3d at 229).

In *Campuzano-Burgos v. Midland Credit Mgmt., Inc.,* 550 F.3d 294 (3d Cir. 2008), the Third Circuit echoed *Lesher* with respect to the extra protection that is required under the FDCPA against communications form attorney debt collectors:

> Under the Act, attorney debt collectors warrant closer scrutiny because their abusive collection practices "are more egregious than those of lay collectors." *Crossley v. Lieberman,* 868 F.2d 566, 570 (3d Cir.1989). The state has given lawyers certain privileges-such as the ability to file a lawsuit-not applicable to lay debt collectors. *Avila v. Rubin,* 84 F.3d 222, 229 (7th Cir.1996). Debtors react more quickly to an attorney's communication because they believe "that a real lawyer, acting like a lawyer usually acts, directly controlled or supervised the process through which [such a] letter was sent." *Id.* ("It is reasonable to believe that a dunning letter from an attorney threatening legal action will be more effective in collecting a debt than a letter from a collection agency."). Accordingly, lawyers "sending dunning letters must be directly and personally involved in the mailing of the letters in order to comply with the strictures of [the Act]." *Id.* at 228.

*Campuzano-Burgos,* 550 F.3d at 301.

In the instant case, Pressler attorneys did not give any scrutiny to the mass-produced information subpoenas bearing the name of the wrong clerk, "Terrance D.

Lee."  Even a cursory review by an attorney of the subpoenas familiar with local practice would have identified the error.

## IV.   Materiality and the FDCPA

Pressler asserts that "federal courts have recently begun to recognize" that to be false, deceptive, or misleading, a statement must be "material."  Thus, the theory goes, unless Plaintiff can show that falsely stating the name of the authorizing clerk is material, there is no FDCPA violation.  Defendant is incorrect; "materiality" is not an element of an FDCPA claim and, in any event, Pressler's statements were materially false.

First and foremost, the false signature "Terrence D. Lee" was a material misrepresentation.  The "materiality" doctrine, where it has developed, seeks to exclude hyper technical inaccuracies in collection communications.  *See  Lembach v. Bierman*, 2013 WL 2501752, *1 (4th Cir., June 12, 2013) (false signatures on foreclosure initiating documents not material misrepresentation because "they have no connection to the debt at issue in this case."); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010) ("mislabeling $32.89 as 12% interest, when $32.89 included both interest and pre-assignment finance charges" not material where the amounts are accurate); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 595-96 (6th Cir. 2009) (consumer's complaint was "too technical" where consumer "pretty much" understood the statement and there was no falsity); *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757 (7th Cir.  2009)("reporting interest in one line item rather than

another (or in two line items)" is immaterial where the whole amount is reported).  In this respect, "materiality" is no different from the long-standing instruction that "bizarre or idiosyncratic" interpretations do not carry FDCPA liability. *Brown v. Card Service Center*, 464 F.3d 450, 454 (3d Cir.  2006).

Revisiting the materiality in *Lox v. CDA, Ltd*, the Seventh Circuit clarified the inquiry.  "Whether or not" the allegedly false statement would alter one's course of action is not the issue where "it would have undoubtedly been a fact in his decision-making process." *Lox v. CDA, Ltd.*, 689 F.3d 818, 827 (7th Cir.  2012). Thus, where a false statement can affect one's decision-making process it is material and not a mere "technical" violation.

In this case, the falsity affects a consumer's decision-making process.  Pressler is not empowered to issue such subpoenas with its name alone.  But for the insertion of the false signature "Terrence D. Lee," the subpoena would have not have issued under the authority of *any* clerk of the court.  A recipient of an unsigned (but truthful) subpoena would then need to decide if they could ignore Pressler's demand for information.  However, by affixing the false name of the clerk, Pressler assured that the consumer presumes that the subpoena is authorized.  And under the color of that judicial authority, the consumer is warned:

> "Failure to Comply with this Information Subpoena may Result in Your Arrest and Incarceration"

That misrepresentation impacts the decision making process of the consumer. Pressler attempts to make light of the situation and posits "[o]ne could understand that a consumer might legitimately question the authority of the information subpoena if the clerk was identified as Mickey Mouse, Bugs Bunny, or some other fictional or preposterous persona but here, no such confusion arose." This misses the point. Affixing the false name "Terrence D. Lee" is far worse than using the name "Mickey Mouse" or "Bugs Bunny." Had Pressler used a "preposterous persona," then a consumer would conceivably be on notice that the subpoena was not in fact authorized by the clerk of the court, would not be misled and could proceed accordingly. Pressler did not do this. Instead, it used a name which, while false, was credible on its face thus hiding the deception and denying the consumer the ability to make an informed choice about how to respond to the information subpoena. That is a material misrepresentation.

*Lembach v. Bierman*, proves the point. There, the collector initiated a foreclosure action by filing documents which contained allegedly false signatures. 2013 WL 2501752 at *1. The documents were all factually accurate but for the signatures. *Id.* There was no suggestion that the signatures could cause a consumer to doubt the accuracy of the facts attested to or affect their decision-making in any way, therefore there was no ability to mislead or materiality. 2013 WL 2501752 at *4. Here, unlike the documents in *Lembach*, Pressler's subpoena was directed squarely at the consumer

and, under a false legal authority, demanded she act.  But for the false "Terrence D. Lee" signature, Pressler could not have made its demand.

To the extent there is an additional "materiality" requirement, Plaintiff's claim meets this test.  However, in this Circuit, the law is that "*any* false, deceptive or misleading" statement violates the act. *Allen ex rel. Martin*, 629 F.3d 364 at 367.  The Third Circuit has not adopted the "materiality" requirement or used it to analyze FDCPA claims.  The Third Circuit has repeatedly held that a "communication is deceptive for the purposes of the Act if it can be reasonably read to have two different meanings, one of which is inaccurate." *Campuzano–Burgos v. Midland Credit Management, Inc.,* 550 F.3d 294, 298 (3d Cir.  2008) (internal citation and quotation omitted); *see also Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir. 2008); *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir.  2000) ("a collection letter is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.").  Here, the information subpoena clearly violates this standard.  On its face it represents that Terrence D. Lee is a clerk, he has authorized the subpoena or the subpoena is issued by Pressler under Mr. Lee's authority.  None of these are true.

The issuance of subpoenas in the name of an official whose title happened to have the word "clerk" in it, but who is not in fact the Clerk of Court, is of "utmost importance" to the New Jersey judiciary.   Failure to abide by these rules has serious consequences because it hinders a purported debtor's ability to contact the judiciary in the event he or she wants to challenge the subpoena or otherwise question it.  In this

case, Plaintiff happened to know that Terrance D. Lee was not the clerk of the court because she personally knew Mr. Lee.  However, for countless others who received this robo-signed subpoena issued in Mr. Lee's name, they would be deceived by Pressler's careless and false representation.   As such, they would be starting from a disadvantage as soon as they received such a subpoena.  As shown herein, the FDCPA does not give debt collectors a "free pass" against such misrepresentations.

## V.     The Information Subpoena Violated the FDCPA

### A.  Violation of Section 1692e(9)

Jensen is entitled to judgment on Count I. Count I of the Class Action Complaint (Doc. 19-1, Ex. F at ¶¶ 51-54) alleges that Defendant violated Section 1692e(9) of the FDCPA:

> (9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or *which creates a false impression as to its source, authorization, or approval.*

(Emphasis added).

Defendant's subpoena creates a false impression as to its source because it represents that Pressler issued it under the name of the current clerk of the court, when, in fact, Pressler did not.  This falsehood alone is sufficient to impose liability against Pressler as a debt collector under the FDCPA.  Regardless of whether the Information Subpoena still had legal effect under New Jersey law governing the issuance of subpoenas – and that is highly questionable – it was in violation of the

federal laws set forth in the FDCPA that Pressler must abide by when acting as a debt collector, as it did here.  Without dispute, the Information Subpoena creates a false impression that it was authorized or approved by the proper official.  Pressler had no authority to issue the Information Subpoena in Terrence D. Lee's name.

The Federal Trade Commission's Commentary for Section 1692e(9) of the FDCPA sets forth:

> 1. Relation to other sections.  Most of the violations of this section involve simulated legal process, which is more specifically covered by section 807(13).  However, this subsection is broader in that it also covers documents that fraudulently appear to be official government documents, *or otherwise mislead the recipient as to their authorship.*

*See* 53 Fed. Reg. 50097.

The subpoena issued by Pressler misleads the recipient as to its authorship because it conveys that Terrence D. Lee "authored" or issued the subpoena, or that Pressler issued the subpoena in the name of the current clerk of the court, when it did not.  As such, applying this FTC Commentary, the subpoena violates the FDCPA.  The Third Circuit has noted that the FTC Commentary provides "persuasive" authority, even though it does not have the force of law.  *See Brown* 464 F.3d at 455-56.

Defendant misapplies the "least sophisticated debtor" standard used by the Third Circuit to determine whether a debt collector's communication is false, deceptive or misleading under the FDCPA.  Defendant contends that an improperly

issued subpoena using the wrong name of the clerk of the court does not affect a

consumer's decision in how to respond to the subpoena.  (Doc. 19-3 at 9).  This

argument misses the point.  The fact is that because Defendant falsely used the name

"Terrance D. Lee," the least sophisticated debtor is duped into believing that the

subpoena is properly issued.  In *Brown*, the Third Circuit addressed this very issue:

"That it may be obvious to specialists or the particularly sophisticated that a given

statement is false or inaccurate does nothing to diminish the statement's power to

deceive others less experienced."  *Brown*, 464 F.3d at 453 (internal quotation marks

and citation omitted).

The *Brown* court further described the "least sophisticated debtor" standard as

follows:

> This lower standard comports with a basic purpose of the
> FDCPA: as previously stated, to protect all consumers, the
> gullible as well as the shrewd, the trusting as well as the
> suspicious, from abusive debt collection practices.

*Id.* at 454 (internal quotation marks and citations omitted).

Here, the least sophisticated debtor entrusts that the debt collector law firm will

issue the subpoena in the name of the correct clerk of the court.  This standard does

not place the onus on the consumer to verify the debt collector's work in this respect.

As a result, the FDCPA protects consumers here against this misrepresentation.  The

case *Supan v. Medical Bureau of Economics, Inc.,* 785 F. Supp. 304 (D. Conn. 1991) is

instructive.  In *Supan,* the district court found that letters sent to the plaintiff from a

16

debt collector were signed "in the names of persons who were not employed by the [debt collector].  The mere fact that the letters were signed in the names of nonexistent persons is sufficient to establish liability under the FDCPA." *Id.* at 305.

### B. Violation of Sections 1692e and 1692e(10)

Jensen is entitled to judgment under §§ 1692e and e(10).  Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Section 1692e(10) similarly prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).  As the court in *Astarita v. Solomon & Solomon, PC*, 2013 WL 1694807 (D.N.J. Apr. 18, 2013), noted: "the general provision 15 U.S.C. § 1692e and the specific provision 15 U.S.C. § 1692e(10) provide essentially the same prohibition against using false representations or deceptive means."  *Id.* at fn. 2.  Indeed, the Third Circuit has called Section 1692e(10) a "catchall-type provision."  *Rosenau v. Unifund Corp.,* 539 F.3d 218, 224 (3d Cir. 2008).  Similarly, the FTC Commentary states that Section 1692e(10) is "particularly broad and encompasses virtually every violation, including those not covered by the other subsections." *Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act*, 53 Fed. Reg. 50097, 50105 (Dec. 13, 1988).

The case *Philipps v. GC Services Ltd.*, 1994 WL 127283 (N.D. Ill., Apr. 7, 1994), is instructive here to show that Pressler's use of a nonexistent clerk of the court on the

subject subpoena violated both Sections 1692e and 1692e(10).  In *Philipps*, the court found that "[t]he fact that collection letters are signed in the names of nonexistent persons or persons not employed by the collection agency is sufficient to establish liability under the FDCPA."  *Id.* at *2 (citing *Supan, supra*).  Specifically, the *Philipps* court found that this type of misrepresentation can form the basis of a claim under Section 1692e(10) of the FDCPA.  This is the exact type of claim that Plaintiff makes in her Class Action Complaint.  (*See* Doc. No. 19-2, Ex. F at ¶¶ 55 – 58).  Accordingly, the fact that Defendant's information subpoena is signed in the name of a person not the correct clerk of the court is sufficient to establish liability under Section 1692e(10) of the FDCPA, as well as Section 1692e, and warrants summary judgment in favor of Plaintiff.

Pressler violated the FDCPA because the information subpoena was improperly issued.  It is beyond cavil that subpoenas "may not be issued, except upon constitutional and legislative authority."  *See City of Newark v. Benjamin*, 144 N.J. Super. 58, 72, 364 A.2d 563, 571 (Ch. Div. 1976) *aff'd*, 144 N.J. Super. 389, 365 A.2d 945 (App. Div. 1976) *aff'd*, 75 N.J. 311, 381 A.2d 793 (1978) (citing *United States v. Minker*, 350 U.S. 179, 76 S. Ct. 281, 100 L. Ed. 185 (1956)); *see also Reiman v. Breslin*, 175 N.J. Super. 353, 357, 418 A.2d 1293 (App. Div. 1980) (same) (citing *Benjamin, supra*).  Here, the applicable legislative authority for issuance of the subject subpoena is provided by Rule 1:9-1, which sets forth, in pertinent part, that "A subpoena may be issued by the clerk of the court or by an attorney or party in the name of the clerk . . ."  Plaintiff

does not contest that Pressler can issue subpoenas in the name of the clerk of the court. However, the proper clerk to be named is the current Clerk of the Superior Court, not a former County Clerk, as Pressler did here. This requirement is plainly set forth in the statute.[7]

New Jersey law also requires that in the construction of statutes, words and phrases with "technical" or "special" meaning, "shall be construed in accordance with such technical or special and accepted meaning." *N.J.S.A.* 1:1-1. The phrase at issue here, "clerk of the court," can mean only one thing: i.e., the current clerk of the court. When interpreting statutes, if the language is clear and unambiguous, a court should not seek further guidance. *See Pizzullo v. N.J. Mfrs. Ins. Co.,* 196 *N.J.* 251, 264, 952 *A.*2d 1077 (2008) (citing *Roberts v. State, Div. of State Police,* 191 *N.J.* 516, 521, 924 *A.*2d 550 (2007)).

In *National State Bank v. Schwarzhaupt*, 119 N.J. Eq. 479, 182 A. 873 (Ct. Errors and Appeals 1936), the court noted that a subpoena issued in the name of a former clerk is an "irregularity." *Id.* at 480-81. However, in *Schwarzhaupt*, the irregularity was waived by the subpoenaed party's "voluntary appearance" and "submission without objection" to examination. *Id.* Here, in contrast, Plaintiff clearly objected to the subpoena Pressler issued in the name of the former County Clerk of Warren County.

---

[7] Pressler cites *Seaman v. City of Perth Amboy*, 98 N.J.L. 174 (E&A 1922) extensively to argue that an attorney may sign a subpoena in the name of the clerk of the court. That point is not at issue here. However, the right of an attorney to issue subpoenas in the name of the clerk requires that the attorney sign it in the correct clerk's name. That is what *Seaman* held more than ninety years ago. *Id.* at 178. And that is what Rule 1:9-1 requires today.

To wit, in her letter to Pressler dated January 15, 2012, Plaintiff set forth in pertinent

part:

> I received the enclosed information subpoena sent to me
> by certified mail and cover letter.  As per the Fair Debt
> Collection Practices Act (FDCPA), which affords me the
> right to dispute your claims, I am now pursuing an answer
> and motion to vacate this matter before the court.
>
> The letter advised me to contact the county clerk, Terrance
> Lee, with any questions.  He was noted as a co-sender,
> along with an attorney from your firm.  I was very
> surprised as he is a personal friend and know he is no
> longer employed in this capacity.  Warrant County since
> verified that Mr. Lee retired over six years ago.  This
> indicates that that is a fraudulent document created and
> generated by your law firm – <u>not the court</u>.  This is in
> violation of the FDCPA, as is the threatening verbiage,
> "failure to comply with this information subpoena may
> result in your arrest and incarceration" in same
> correspondence.  A complaint has been filed with the FTC
> for this offense, reference #42854805.

(Doc. No. 19-2, Ex. E).

Plaintiff's contention that Defendant's issuance of the subpoena in the name of

the former clerk of Warren County was in "violation of the FDCPA" is a clear

objection to Pressler's subpoena; and not acquiescence to or acceptance of it.  As

such, under the guidance provided by *Schwarzhaupt*, *supra*, Pressler's subpoena should

be treated as having been improperly issued due to the false representation as to the

identity of the current clerk of the court.  *See also State ex rel. Whitacre v. Ladd*, 717

S.W.2d 287, 288-89 (Mo. App. 1986) (subpoena issued by wrong clerk was a nullity).

Pressler also misapplies *Hirsch v. DePuy*, 11 N.J. Misc. 500 (1933), in arguing that the subpoena it served on Ms. Jensen was not void.  In *Hirsch*, the subject summons contained the typed name of the clerk instead of a signature.  *Id.* at 500-01. While the court found this to be an "irregularity," along with the absence of a seal and date, the court did not find the summons void because "the defendant was at no time in doubt as to the significance or authority of the summons or of the complaint, both of which were lawfully served upon him."  *Id.* at 501.  Here, in contrast, Ms. Jensen questioned the authority of the subpoena in her January 15, 2012 letter to Pressler. Under the guidance provided by *Hirsch*, the wrong name of the clerk in the subpoena thus precluded its recipient from "know[ing] with certainty that it is a court process." *Id.* As such, the magnitude of the irregularity at issue "deprives the instrument of authenticity."  *Id.*[8]

Pressler also misstates New Jersey law in arguing that "Mr. Lee was empowered to issue a subpoena on behalf of the Clerk of the Court pursuant to *Novack* and the New Jersey Constitution" because a County Clerk also acted as a Deputy Superior Court Clerk.  (Doc. No. 19-3 at fn. 1).  Pressler cites to old law no longer effective at the time it issued the subject subpoenas in the name of Mr. Lee.  To the contrary,

---

[8] Pressler also cites *Wood v. Fithian*, 24 N.J.L. 838 (E&A 1855),to argue that technical errors will not necessarily render a court document void.  That case is also inapposite.  First, the proper justice signed the summons.  He used his full last name, but only the first initial of his given name.  The court found no authority for a requirement imposing "that every writ must be signed by the proper officer, with his name in full . . ."  *Id.* at 841-42.  Here, in contrast, the name of the clerk appearing on the subpoena was completely wrong and in clear violation of Rule 1:9-1.  Further, the court in *Wood* found that the defendant "was not mislead or surprised" by the way the summons was signed. *Id.*  That was not the case here, as evidenced by Ms. Jensen's January 15, 2012 letter to Pressler.

beginning in 1995, a county clerk became eligible "to apply for the position of deputy clerk of the Superior Court and to resign as county clerk." *N.J.S.A.* 2A:5A-3.  Mr. Lee did not choose this option, instead choosing to remain County Clerk from April 1979 until December 2006.  *See* fn. 6, *supra*.

Pressler's argument that Mr. Lee acted as the Deputy Clerk in his position as County Clerk is further undermined by *N.J.S.A.* 2A:5A-1, which was enacted in 1989 and sets forth: "The county clerk shall continue as an elected constitutional officer in the executive branch of county government."  Significantly, the Senate Judiciary Committee Statement for this legislation states, "The bill also repeals 2A:2-15 which presently designates the county clerk as deputy clerk of the Superior Court."  Senate, No. 2780 – L.1989, c. 296.  The legislative history further states, "This bill, based on a recommendation of the County and Municipal Government Study Commission, would divide the present functions of the county clerk into two separate offices.  The elected constitutional county clerk would remain a county official responsible for county matters.  The office of deputy clerk of the Superior Court created by the bill would be an employee of the State Judiciary and would be responsible for those functions now performed by the county clerk which are related to the judicial system."  *Id.*  Clearly, under New Jersey law, Mr. Lee could not, and did not, act simultaneously as both the County Clerk for Warren County and the Deputy Clerk of the Superior Court.

Finally, Pressler's argument that Jensen cannot sue because she was not misled plainly contradicts the law. The only perspective that is relevant is of the "least sophisticated consumer." *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991). Whether the Plaintiff himself was misled has time and again been held irrelevant to the determination of whether the FDCPA has been violated. *Seawell v. Universal Fidelity Corp.*, 235 F.R.D. 64, 66 (E.D. Pa. 2006) ("Universal letter is deceptive from the perspective of the least sophisticated consumer; she need not show that she was deceived, that she relied on the letter, or anything else about herself"); *McCall v. Drive Fin. Services, L.P.*, 236 F.R.D. 246, 250 (E.D. Pa. 2006) (same); *see also Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991) (The "least sophisticated debtor" standard is an objective standard. The question is not whether these plaintiffs were deceived or mislead, but rather whether an unsophisticated consumer would have been misled"); *Acik v. I.C. System, Inc.*, 251 F.R.D. 332, 336 (N.D. Ill. 2008) ("However, it is irrelevant whether Acik was personally confused or misled by I.C.'s letter, or whether he knew he did not owe the debt in question; alleged FDCPA violations are subject to an objective unsophisticated-consumer standard.) *Wahl v. Midland Credit Management, Inc.*, 243 F.R.D. 291, 298 (N.D. Ill. 2007) ("The test, however, is not whether the individual who received the letter was misled, but whether an unsophisticated consumer would be misled by the representations made by the debt collector."); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 n.11 (11th Cir. 1985) ("First, we reiterate that the question is not whether Jeter was deceived, but whether

23

the 'least sophisticated consumer' would have been deceived."). Here, any consumer, and especially the least sophisticated consumer, would believe Defendant's representation that the information subpoena was duly authorized by Terrence D. Lee, clerk of the court. Because the subpoena was not authorized by Mr. Lee, nor could it issue under his authority, Defendant violated the FDCPA.

## CONCLUSION

Pressler's misrepresentation of the proper issuing clerk in its subpoenas violates the general prohibition set forth in Section 1692e of the FDCPA prohibiting the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Through this falsehood, Pressler also violated the more specific prohibitions of Sections 1692e(9) and 1692e(10). Pressler's subpoena violates Section 1692e(9) because it "creates a false impression as to its source." Through the subpoena, Pressler represents that it issued it under the name of the current clerk of the court. Clearly, this representation is not true. Issuing a subpoena in the name of a non-existent clerk of the court also violates Section 1692e(10), which states that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

WHEREFORE, for the foregoing reasons, Defendant's Motion for Summary Judgment should be denied in its entirety, and Plaintiff's cross-motion for summary judgment should be granted in its entirety. Paula Jensen requests that

1. The Court enter judgment on liability in her favor;

24

2. The Court direct that the parties conduct discovery as necessary to establish elements of FRCP 23 and class damages as to all Defendants;

3. Direct that the Magistrate overseeing this litigation establish a schedule for the discovery in this case;

4. Grant such other relief as is just and proper.

Dated: October 7, 2013

Respectfully submitted,

By: */s/ Sofia Balile*

Sofia Balile, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: sbalile@lemberglaw.com
Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7, 2013, a true and correct copy of the foregoing was filed with the Clerk of Court for the United States District Court for the District of New Jersey using the CM/ECF system and that the document is available online.

*/s/ Sofia Balile*

Sofia Balile, Esq.
