NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAULA JENSEN, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Case No. 13-cv-01712 (SDW)(MCA) |
| v. | **OPINION** |
| PRESSLER & PRESSLER, LLP, MIDLAND FUNDING LLC, and DOES 1-100, | April 29, 2014 |
| Defendants. | |

**WIGENTON**, District Judge.

Before the Court is Defendant Pressler & Pressler, LLP's ("Pressler" or "Defendant Pressler") Motion for Summary Judgment, which Defendant Midland Funding LLC ("Midland") joined, and Plaintiff Paula Jensen's ("Plaintiff" or "Jensen") Cross-Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d), as Plaintiff's claims allegedly arise under the Fair Debt Collection Practices Act ("FDCPA"), and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendant's Motion for Summary Judgment is **GRANTED**, and Plaintiff's Cross-Motion for Summary Judgment is **DENIED**.

1

**FACTUAL HISTORY**

Plaintiff is an individual "consumer" as defined by 15 U.S.C. § 1692a(3). (Compl. ¶ 8; Stipulation of Facts and Exhibits for Summary Judgment Motion ("SJ Stip.") ¶ 1.) Defendant Pressler has its principal place of business in New Jersey. (Compl. ¶ 9.) Midland is a Delaware business with its principal place of business in San Diego, California. (*Id.* ¶ 10.) Defendants Pressler and Midland (collectively "Defendants") are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), and are engaged in the business of collecting or attempting to collect consumer debt as one of their principal areas of business. (*Id.* ¶ 12; SJ Stip. ¶ 2.)

The present action against Defendants stems from a judgment entered against Plaintiff on behalf of Defendant Midland in *Midland Funding, LLC v. Paula Jensen* in the Superior Court of New Jersey, Law Division, Special Civil Part, Warren County, Docket No. DC-003230-11 ("State Court Action"). (Compl. ¶ 18; SJ Stip. ¶ 5.) On February 22, 2012, default judgment was entered against Plaintiff in the amount of $5,965.82 due to her failure to answer the State Court Action. (Compl. ¶ 19; SJ Stip. ¶ 5, Ex. B.) Pursuant to 15 U.S.C. § 1692a(6), Defendant Pressler acted as a "debt collector." (SJ Stip. ¶ 2.)

On December 12, 2012, Defendant Pressler sent an Information Subpoena and Written Questions ("Information Subpoena") to Plaintiff in the State Court Action. (Compl. ¶¶ 2, 20, Ex. A; SJ Stip. ¶ 7, Ex. C.) The Information Subpoena contains two typed (electronic) signatures: Joanne L. D'Aurizio, Esq. ("Ms. D'Aurizio") and Terrance D. Lee ("Mr. Lee"). (Compl. ¶¶ 2, 24, Ex. A.) Ms. D'Aurizio is an attorney with Defendant Pressler and appears on the signature block for the "attorney." (Compl. ¶ 24; SJ Stip. ¶ 9, Ex. C.) Mr. Lee's name appears on the signature block for the "clerk." (SJ Stip., Ex. C.) Mr. Lee was once a Warren County Clerk, but

he had retired six years prior to the issuance of the Information Subpoena and had never served as a Superior Court Clerk in the State of New Jersey.  (Compl. ¶¶ 3, 25-26; SJ Stip. ¶¶ 10-12.)

Plaintiff, coincidentally, personally knows Mr. Lee and knew that he was not a clerk for the Superior Court of New Jersey.  (SJ Stip. ¶ 15.)  On January 15, 2013, Plaintiff sent a letter to Defendant Pressler objecting to the Information Subpoena and stating that a complaint had been filed with the FTC.  (*Id.* Ex. E.)  Plaintiff, nonetheless, answered and mailed the Information Subpoena back to Defendant Pressler.  (*Id.* ¶ 16.)  On February 12, 2013, Plaintiff filed a motion to vacate the judgment entered in the State Court Action.  (*Id.* ¶ 17.)  This motion to vacate was denied and Plaintiff filed the complaint in the instant matter ("Complaint").  (*Id.* ¶¶ 17-18.)  On June 12, 2013, a Rule 16 conference was conducted and all parties agreed to stipulations for the purpose of summary judgment motions (the "SJ Stipulations"), such as the motions filed by both Pressler and Jensen.

**LEGAL STANDARD**

*Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248.  A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for

the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23.

**DISCUSSION**

*FDCPA*

In 1977, Congress enacted the FDCPA due to evidence of "abusive, deceptive, and unfair debt collection practiced by many debt collectors." 15 U.S.C. § 1692(a). Congress explicitly stated that the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Legislative history relating to the passage of the FDCPA describes examples of "abuse," including, *inter alia*, "obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs,… obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." *Cohen v. Wolpoff & Abramson, LLP*, No. 08–1084 (SRC), 2008 U.S. Dist. LEXIS 77052, at *20-21 (D.N.J. Oct. 2, 2008) (quoting S. Rep. No. 382, 95th Cong., 1st Sess. 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696).

To succeed on an FDCPA claim, plaintiff must plead sufficient facts showing: "(1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." *Berk v. J.P. Morgan Chase Bank, N.A.*, No. 11–2715, 2011 WL 4467746, at *3 (E.D.Pa. Sept. 26, 2011) (citing 15 U.S.C. § 1692a-o); *see also Grant v. JPMorgan Chase Bank*, No. 12–cv–6248 (FLW), 2013 WL 1558773, at *2 (D.N.J. Apr. 10,

2013); *Astarita v. Solomon & Solomon, PC*, No. 12-5670 (WJM), 2013 WL 1694807 (D.N.J. Apr. 18, 2013).

A debt collector violates the FDCPA if he or she "use[s] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This includes the "use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official… or which creates a false impression as to its source, authorization, or approval." 15 U.S.C. § 1692e(9). Also, a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt…" 15 U.S.C. § 1692e(10).

Communications provided by a debt collector to a consumer are analyzed under the "least sophisticated debtor" standard. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). In *Brown*, the Third Circuit stated that the fact that information communicated by a debt collector "may be obvious to specialists or the particularly sophisticated that a given statement is false or inaccurate does nothing to diminish [the] statement's power to deceive others less experienced." *Id.* at 453 (internal quotation marks and citation omitted).

Some Circuit Courts have reasoned that the "false, deceptive or misleading" language of § 1692e contains a materiality requirement, which must be satisfied in order for there to be an FDCPA violation. *See e.g.*, *Hahn v. Triumph P'Ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009) For example, the Seventh Circuit has held that the purpose of the statute is to ensure information provided to consumers serves to help consumers choose intelligently. *Id.* Therefore, by definition, immaterial information fails to contribute to that objective if the information is correct, but does not undermine this objective if the information is incorrect. *Id.* (stating that it did not "see any reason why materiality should not… be required in an action based on §

1692e."); *see also Lembach v. Bierman*, No. 12–1723, 2013 U.S. App. LEXIS 12094, at *10-14 (4th Cir. June 12, 2013); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033-34 (9th Cir. 2010); *Gabriele v. Am. Home. Mortg. Servicing*, No. 12–985–cv, 2012 U.S. App. LEXIS 24478, at *9-10 (2d Cir. Nov. 27, 2012) (recognizing that several circuits have adopted a "material" misrepresentation requirement). The Third Circuit has not expressly adopted the "materiality" requirement. *See generally Kaymark v. Bank of America, N.A.*, No. 13–CV–0419, 2014 WL 1316120, at *17 (W.D.Pa. Mar. 31, 2014).

Both moving parties in the instant matter consented to the SJ Stipulation, which serves as the L. Civ. R. 56.1 Statement of Material Facts Not in Dispute governing the summary judgment motions. Therefore, given that there is no genuine dispute as to any material fact, the questions relevant to deciding the instant motions are matters of law. Here, for purposes of this FDCPA action, the parties have stipulated that: 1) Plaintiff is a "consumer" pursuant to 15 U.S.C. § 1692a(3) (Compl. ¶ 8; S.J. Stip. ¶ 1); 2) the "debt" arises out of a transaction entered into for personal, family, or household purposes pursuant to 15 U.S.C. § 1692a(5) (Compl. ¶ 14); and 3) Defendant is collecting the debt as a "debt collector" pursuant to 15 U.S.C. § 1692a(6) (Compl. ¶ 12; S.J. Stip. ¶ 2). Thus, the only issue to be resolved is whether Defendants have "violated, by act or omission, a provision of the FDCPA." *See Berk v. J.P. Morgan Chase Bank, N.A.*, No. 11–2715, 2011 WL 4467746, at *3 (E.D.Pa. Sept. 26, 2011) (citing 15 U.S.C. § 1692a-o). As such, this Court must determine if there was, as a matter of law, a false or misleading representation under § 1692e.

Both parties agree that the purpose of the FDCPA is to eliminate abusive debt collection practices. (Def. Br. at 5; Pl. Br. at 8.) Specifically, the FDCPA was meant to protect debtors

from abusive practices that "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692(a). However, Plaintiff argues that Defendant's "negligent issuance of information subpoenas" that named a county clerk instead of a clerk of the court is the type of abuse contemplated by Congress and the FDCPA. (Pl. Br. 8.)  This Court disagrees.

The FDCPA attempts to prevent debt collectors from harassing debtors, impersonating public officials, and disclosing personal information. *See Cohen*, 2008 U.S. Dist. LEXIS 77062 at *20-21.  Presumably, prior to the passage of the FDCPA these tactics were utilized by debt collectors to increase the recovery of debts.  However, these strategies are different than the clerical mistake made by Defendants in the present case.  There is no apparent strategy, advantage, or benefit to Defendants by putting Mr. Lee's name on the Information Subpoena. Further, Plaintiff does not contest that Pressler can issue subpoenas with the name of the Clerk of the Court. (Pl. Br. at 18-19.)

Specifically, Plaintiff does not dispute that Defendants had the legal right to use the current Superior Court Clerk's name on the affidavit pursuant to New Jersey Court Rule ("R.") 4:59-1(f) (which incorporates R. 6:7-2) and R. 1:9-1 ("[a] subpoena may be issued by the clerk of the court or by an attorney or party in the name of a clerk…"). *See In re Tiene*, 17 N.J. 170, 179 (1954) (discussing that in the State of New Jersey, it has long been held that an attorney can issue a subpoena in the name of the clerk of the court).  Defendants do not dispute that the wrong name was affixed on the Information Subpoena.  Further, both parties agree that a court clerk is not required to approve a subpoena, nor can a clerk object to the same, and it is undisputed that if Defendants had typed the correct Clerk of the Court's name, there would be no violation.

8

This Court is persuaded the reasoning that a "statement cannot mislead unless it is material, so a false but non-material statement is not actionable." *Hahn*, 557 F.3d at 757-58. Further, this Court notes the rationale that if a consumer is aware of the false statement, then such a person cannot be misled by that statement he or she knows to be false. *See Kromelbein v. Envision Payment Solutions, Inc.*, No. 3:11–CV–1598, 2013 U.S. Dist. LEXIS 107762, at *26 (M.D.Pa. 2013) ("[e]ven the least sophisticated consumer would not be misled by a statement that he knows to be false").

Plaintiff recognizes that where the "materiality" doctrine has developed, those courts seek to exclude "hyper-technical" inaccuracies in collection communications. (Pl. Br. at 10 (citing *Lembach v. Bierman*, No. 12–1723, 2013 WL 2501752, *1 (4th Cir., June 12, 2013)); *Donohue v. Quick Collect*, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 595-96 (6th Cir. 2009); *Hahn*, 557 F.3d at757.) Plaintiff even notes that the "materiality" analysis is similar to the long-held "instruction that 'bizarre or idiosyncratic' interpretations do not carry FDCPA liability." (Pl. Br. at 11 (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). Nonetheless, Plaintiff contends that the Seventh Circuit has clarified its materiality standard since *Hahn*, holding: "'[w]hether or not' the allegedly false statement would alter one's course of action is not the issue where 'it would have undoubtedly been a fact in his decision-making process.'" *Lox v. CDA*, *Ltd.*, 689 F.3d 818, 827 (7th Cir. 2012). Plaintiff argues that under this standard, Defendants' mistake was material. Here, the inadvertent use of an incorrect name, a clerical error does not change the substance of the subpoena and likely would not alter one's course of action. Plaintiff did comprehend the legal significance of the document regardless of the clerical error. Under the present circumstances,

this error is not material and it is highly unlikely that the least sophisticated debtor would have utilized the name of the clerk in his decision-making process.

The argument that Defendants' mistake is immaterial is bolstered by the fact that the debt and the error are not connected. *See Lembach*, 2013 WL 2501752 at *10-14 (holding FDCPA liability lacking because the misrepresentations had "no connection to the debt at issue"). Here, there is no connection between the debt itself and the "clerk" signature on the affidavit. Plaintiff had a default judgment entered against her. The Information Subpoena was sent to assist with post-judgment asset discovery, merely as a tool to discover Plaintiff's assets, and does not deal with the debt itself. The error of including an incorrect clerk's name on the Information Subpoena has no connection to the debt at issue. It is difficult to see how any consumer would be misled by such a clerical error.

This Court finds that the use of Mr. Lee's name was not the type of abusive practice contemplated by Congress when it passed the FDCPA.

**CONCLUSION**

For the reasons stated above, Defendants' Motion for Summary Judgment is **GRANTED**, and Plaintiff's Cross-Motion for Summary Judgment is **DENIED**. This Court will not retain supplemental jurisdiction in this matter.

s/Susan D. Wigenton, U.S.D.J.

cc:    Parties
       Madeline Cox Arleo, U.S.M.J.